IN RE AMENDMENTS TO OKLAHOMA UNIFORM JURY INSTRUCTIONS-JUVENILE
2022 OK 74
Decided: 09/20/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 74, __ P. __

 
ORDER ADOPTING AMENDMENTS TO 
OKLAHOMA UNIFORM JURY INSTRUCTIONS-JUVENILE
¶1 The Court has reviewed the report and recommendations of the Oklahoma Supreme Court Committee for Uniform Jury Instructions for Juvenile Cases to adopt proposed amendments to existing jury instructions and to add a new jury instruction codified as Juvenile Instruction No. 2.6A. The Court accepts the report and finds the revisions should be adopted as modified by the Court.
¶2 It is therefore ordered, adjudged and decreed that the revisions to the instructions shall be available for access via the internet from the Court website at www.oscn.net and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts. Further, the District Courts of the State of Oklahoma are directed to implement these revisions effective thirty (30) days from the date of this Order.
¶3 It is therefore ordered, adjudged and decreed that the amendments to existing Oklahoma Uniform Jury Instructions-Juvenile (OUJI-JUV) Nos. 1.6, 2.2, 3.2, 3.7, 3.9, 3.11, 3.12, 3.13, 3.14, 3.15, 3.16, 3.17, 3.18, and 3.19A, and the new proposed instruction, OUJI-JUV No. 2.6A, their statutory authority, Committee Comments, and Notes on Use, as set out and attached to this Order, are hereby adopted. The Court authorizes the attached OUJI-JUV instructions, the updated Committee Comments, and Notes on Use, as modified by the Court, to be published.
¶4 The Court today declines to relinquish its constitutional or statutory authority to review the legal correctness of these authorized instructions when it is called upon to afford corrective relief in any adjudicative context.
¶5 These amended instructions shall be effective thirty (30) days from the date this Order is filed with the Clerk of this Court.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 19th DAY OF SEPTEMBER, 2022.
/s/Chief Justice
CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Edmondson, Combs, Gurich, Rowe and Kuehn, JJ.
DISSENT: Kauger, J. (by separate writing)

KAUGER, J., dissenting:
¶1 I dissent to the Juvenile Rule No. 1.6 because it fails to include the factors concerning bias and prejudice listed in Rule 2.3 of the Code of Judicial Conduct, 5 O.S. 2011 Ch. 1, App. 4.

 
Juvenile Instruction No. 1.6
Jury's Duties -- Cautionary Instruction --
Bias on Account of Race, Religion, Etc.
Remember that under our justice system the race, religion, ethnicity, national origin, or social status, of the parties or their attorneys must not be considered by you in the discharge of your sworn duty as a juror.
Committee Comments
This instruction should be given with the other cautionary instructions after the jury is sworn if any party belongs to a minority race or religious group, and the instruction is requested by the party's attorney.
___________________________________
 
Juvenile Instruction No. 2.2
Statement of the Case
This trial is the result of a petition/motion asking for the termination of parental rights.
The petition/motion alleged the following:
[Identify the alleged statutory grounds
for termination from the petition/motion]
The allegations in the petition/motion are not evidence in the case. 
Committee Comments
The trial court should identify to the jury the alleged statutory grounds for termination pursuant to 10A 2021, § 1-4-904. See Matter of K.H., 2021 OK 33, ¶ 47, n.25, 507 P.3d 647, 657. The petition/motion itself should not be read to the jury. See Marathon Battery Co. v. Kilpatrick, 1966 OK 268, ¶ 60, 418 P.2d 900, 915 ("it is not good practice to formulate the issues by reading at large from the pleadings"). 
___________________________________
 
Juvenile Instruction No. 2.6A
Reasonable Efforts
You are instructed that the court has made the required findings as to reasonable efforts to prevent removal of the child and to reunify the child and family.
Notes on Use
This Instruction should be given only when the parties have raised the issue of reasonable efforts at trial.
Committee Comments
The trial court is required to make a predicate determination of whether reasonable efforts have been made to achieve reunification. See Matter of V.D., 2018 OK CIV APP 72, ¶ 5, 431 P.3d 381. 
___________________________________
 
Juvenile Instruction No. 3.2
Abandoned Infant
The State seeks to terminate the parent's rights on the basis that the child is an abandoned infant. In order to terminate the parental rights on the basis that the child is an abandoned infant, the State must prove by clear and convincing evidence that:
1. The child has been adjudicated to be deprived;
2. Termination of parental rights is in the best interests of the child; and
3. [The child was twelve (12) months of age or younger; and the parent:
[willfully intended by words, actions, or omissions not to return for the child.]
OR
[has failed to maintain a significant parental relationship with the child through visitation or communication, despite being given the opportunity to do so.
Incidental or token visits, communications or contributions are not considered significant. "Token" means merely simulated, slight or of no real account.]
OR
[failed to respond to notice of deprived proceedings.]
___________________________________
Statutory Authority: 10A O.S. 2021, §§ 1-105(1), 1-105(38), 1-4-904(B)(3).
Notes on Use
This Instruction should be used if the child was twelve months old or younger at the time of the filing of the petition. The trial judge should select the particular ground or grounds for finding that the child was abandoned that are supported by the evidence.
Committee Comments
The Committee notes that the definition of abandonment in 10A O.S. 2021, § 1-1-105(1)(b) does not contain an element of intent and that there are situations where a parent may have been denied the opportunity to develop a relationship with his/her child. See In re Swanson, 2 S.W. 3d 180, 182-83 (Tenn. 1999) (mother prevented father from maintaining relationship with child). In order to avoid potential constitutional issues regarding conclusive presumptions in those types of situations, this instruction requires the parent to have had an opportunity to develop a relationship. The definition of "token" is taken from Matter of Adoption of B.O., 927 P.2d 202, 209 (Utah App., 1996) (quoting Webster's New Twentieth Century Dictionary 1919 (2d ed. 1979)).
___________________________________
 
Juvenile Instruction No. 3.7
Failure to Contribute to Support of Child
The State seeks to terminate the parent's rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child. In order to terminate parental rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child, the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated to be deprived;
2. The parent did not have custody of the child;
3. The parent has willfully failed, refused or neglected to contribute to the support of the child for six (6) months out of the last twelve (12) months immediately preceding the filing of a petition/motion for termination of parental rights in substantial compliance with a court order of support; or, if no provision for support is provided in an order, according to the parent's financial ability to contribute to the child's support; and,
4. Termination of parental rights is in the best interests of the child. 

___________________________________
Statutory Authority: 10A O.S. 2021, § 1-4-904(B)(7).
___________________________________
 
Juvenile Instruction No. 3.9
Heinous And Shocking Abuse
The State seeks to terminate the parent's rights on the basis of the parent's abuse of any child that was heinous and shocking. In order to terminate parental rights on the basis of the parent's abuse of any child that was heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent abused any child;
3. The abuse was heinous and shocking; and,
4. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. 2021, § 1-4-904(B)(9).
___________________________________
Notes on Use
Instructions Nos. 3.10 and 3.11, which contain the definitions of abuse and heinous and shocking abuse, should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is heinous or shocking abuse, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (35) refers to heinous and shocking abuse. The Committee has concluded that these terms should be treated as synonymous.
 
Juvenile Instruction No. 3.11
Definition Of Heinous And Shocking Abuse
"Heinous and shocking abuse" includes, but is not limited to, aggravated physical abuse that results in serious bodily, mental, or emotional injury. "Serious bodily injury" means injury that involves:

a. a substantial risk of death,
b. extreme physical pain,
c. protracted disfigurement,
d. a loss or impairment of the function of a body member, organ, or mental faculty,
e. an injury to an internal or external organ or the body,
f. a bone fracture,
g. sexual abuse or sexual exploitation,
h. chronic abuse including, but not limited to, physical, emotional, or sexual abuse, or sexual exploitation which is repeated or continuing,
i. torture that includes, but is not limited to, inflicting, participating in or assisting in inflicting intense physical or emotional pain upon a child repeatedly over a period of time for the purpose of coercing or terrorizing a child or for the purpose of satisfying the craven, cruel, or prurient desires of the perpetrator or another person, or
j. any other similar aggravated circumstance.

________________________________
Statutory Authority: 10A O.S. 2021, § 1-1-105(35).
Notes on Use
The trial court should remove grounds for heinous and shocking abuse that are not applicable from this Instruction in order to enable the jurors to focus on the grounds that are applicable.
___________________________________
 
Juvenile Instruction No. 3.12
Heinous And Shocking Neglect
The State seeks to terminate the parent's rights on the basis of the parent's neglect of any child that was heinous and shocking. In order to terminate parental rights on the basis of the parent's neglect of any child that was heinous and shocking, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent neglected any child;
3. The neglect was heinous and shocking; and,
4. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. 2021, § 1-4-904(B)(9).
Notes on Use
The definitions of neglect and heinous and shocking neglect in Instructions Nos. 3.13 and 3.14 should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is heinous or shocking neglect, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (36) refers to heinous and shocking neglect. The Committee has concluded that these terms should be treated as synonymous. 
___________________________________
 
Juvenile Instruction No. 3.13
Definition of Neglect
a. "Neglect" means:
(1) the failure or omission to provide any of the following:
(a) adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, or appropriate education,
(b) medical, dental, or behavioral health care,
(c) supervision or appropriate caretakers to protect the child from harm or threatened harm of which any reasonable and prudent person responsible for the child's health, safety or welfare would be aware, or
(d) special care made necessary for the child's health and safety by the physical or mental condition of the child,
(2) the failure or omission to protect a child from exposure to any of the following:
(a) the use, possession, sale, or manufacture of illegal drugs,
(b) illegal activities, or
(c) sexual acts or materials that are not age-appropriate, or
(3) abandonment.
b. "Neglect" shall not mean a child who engages in independent activities, except if the person responsible for the child's health, safety or welfare willfully disregards any harm or threatened harm to the child, given the child's level of maturity, physical condition or mental abilities. Such independent activities include but are not limited to:
(1) traveling to and from school including by walking, running or bicycling,
(2) traveling to and from nearby commercial or recreational facilities,
(3) engaging in outdoor play,
(4) remaining at home unattended for a reasonable amount of time,
(5) remaining in a vehicle if the temperature inside the vehicle is not or will not become dangerously hot or cold, except if [Set out applicable conditions described in Section 11-1119 of Title 47 of the Oklahoma Statutes, such as extreme weather, inadequate ventilation, or hazardous or malfunctioning components within the vehicle that present a risk to health or safety of the child] or
(6) engaging in similar activities alone or with other children.
Nothing in this paragraph shall be construed to mean a child is abused or neglected for the sole reason the parent, legal guardian or person having custody or control of a child, in good faith, selects and depends upon spiritual means alone through prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease or remedial care of such child. Nothing contained in this paragraph shall prevent a court from immediately assuming custody of a child, pursuant to the Oklahoma Children's Code, and ordering whatever action may be necessary, including medical treatment, to protect the child's health or welfare;
"Harm or threatened harm to the health or safety of a child" means any real or threatened physical, mental, or emotional injury or damage to the body or mind that is not accidental including but not limited to sexual abuse, sexual exploitation, neglect, or dependency.
___________________________________
Statutory Authority: 10A O.S. 2021, § 1-1-105(49), (54). 
Notes on Use
The trial court should remove grounds for neglect that are not applicable from this Instruction in order to enable the jurors to focus on the grounds that are applicable. Similarly, the trial court should remove independent activities from the Instruction that are not applicable.
___________________________________
 
Juvenile Instruction No. 3.14
Definition Of Heinous And Shocking Neglect
"Heinous and shocking neglect" includes, but is not limited to:
a. chronic neglect that includes, but is not limited to, a persistent pattern of family functioning in which the caregiver has not met or sustained the basic needs of a child which results in harm to the child,
b. neglect that has resulted in a diagnosis of the child as a failure to thrive,
c. an act or failure to act by a parent that results in the death or near death of a child or sibling, serious physical or emotional harm, sexual abuse, sexual exploitation, or presents an imminent risk of serious harm to a child, or
d. any other similar aggravating circumstance.
"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.
"Sexual exploitation" includes but is not limited to allowing, permitting, or encouraging a child to engage in prostitution, as defined by law, by a person responsible for the health, safety, or welfare of a child, or allowing, permitting, encouraging, or engaging in the lewd, obscene, or pornographic, as defined by law, photographing, filming, or depicting of a child in those acts.
___________________________________
Statutory Authority: 10A O.S. 2021, §§ 1-1-105(36), 1-1-105(2)(b)-(c).
Notes on Use
The trial court should remove grounds for heinous and shocking neglect that are not applicable from this Instruction in order to enable the jurors to focus on the grounds that are applicable.
___________________________________
 
Juvenile Instruction No. 3.15
Failure To Protect Child From Heinous And Shocking Abuse
The State seeks to terminate the parent's rights on the basis of the parent's failure to protect any child from heinous and shocking abuse. In order to terminate parental rights on the basis of the parent's failure to protect any child from heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent knew or reasonably should have known of abuse to a child;
3. The abuse was heinous and shocking;
4. The parent failed to protect a child from heinous and shocking abuse; and,
5. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. 2021, § 1-4-904(B)(9).
_________________________________
Notes on Use
Instructions Nos. 3.10 and 3.11, which contain the definitions of abuse and heinous and shocking abuse, should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is failure to protect from heinous or shocking abuse, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (35) refers to heinous and shocking abuse. The Committee has concluded that these terms should be treated as synonymous.
 
Juvenile Instruction No. 3.16
Failure To Protect Child From Heinous And Shocking Neglect
The State seeks to terminate the parent's rights on the basis of the parent's failure to protect any child from heinous and shocking neglect. In order to terminate parental rights on the basis of the parent's failure to protect any child from heinous and shocking neglect, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent knew or reasonably should have known of neglect to a child;
3. The neglect was heinous and shocking;
4. The parent failed to protect a child from heinous and shocking neglect; and,
5. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. 2021, § 1-4-904(B)(9).
Notes on Use
The definitions of neglect and heinous and shocking neglect in Instructions Nos. 3.13 and 3.14 should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is failure to protect from heinous or shocking neglect, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (36) refers to heinous and shocking neglect. The Committee has concluded that these terms should be treated as synonymous. 
___________________________________
 
Juvenile Instruction No. 3.17
Heinous And Shocking Abuse Or Failure To Protect
Child From Heinous And Shocking Abuse
The State seeks to terminate the parent's rights on the basis of the parent's heinous and shocking abuse of any child or the failure to protect any child from heinous and shocking abuse. In order to terminate parental rights on the basis of the parent's heinous and shocking abuse of any child or the failure to protect any child from heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent has abused any child;

OR

2. The parent knew or reasonably should have known of abuse to any child;
3. The parent failed to protect the other child from the abuse;
4. The abuse was heinous and shocking; and,
5. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. 2021, § 1-4-904(B)(9).
Notes on Use
Instructions Nos. 3.10 and 3.11, which contain the definitions of abuse and heinous and shocking abuse, should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is heinous or shocking abuse, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (36) refers to heinous and shocking abuse. The Committee has concluded that these terms should be treated as synonymous.
___________________________________
 
Juvenile Instruction No. 3.18
Heinous And Shocking Neglect Or Failure To Protect
Child From Heinous And Shocking Neglect
The State seeks to terminate the parent's rights on the basis of the parent's heinous and shocking neglect of any child or the failure to protect any child from heinous and shocking neglect. In order to terminate parental rights on the basis of the parent's heinous and shocking neglect of any child or the failure to protect any child from heinous and shocking neglect, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent has neglected any child;

OR

2. The parent knew or reasonably should have known of neglect to any child;
3. The parent failed to protect the other child from the neglect;
4. The neglect was heinous and shocking; and,
5. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. 2021, § 1-4-904(B)(9).
Notes on Use
Instructions Nos. 3.13 and 3.14, which contain the definitions of neglect and heinous and shocking neglect, should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is heinous or shocking neglect, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (36) refers to heinous and shocking neglect. The Committee has concluded that these terms should be treated as synonymous.
___________________________________
 
Juvenile Instruction No. 3.19A
Definition of Failure to Protect
Failure to protect a child from abuse or neglect means the failure to take reasonable action to remedy or prevent child abuse or neglect.
Failure to protect a child from abuse or neglect includes the conduct of a non-abusing parent/guardian who:

1. Knew the identity of the abuser/(person who neglected the child) but (lied about)/concealed/(failed to report) the child abuse/neglect; or
2. Otherwise failed to take reasonable action to end the abuse/neglect.

________________________________
Statutory Authority: 10A O.S. 2021, § 1-1-105(26).
Notes on Use
The trial judge should give this Instruction along with Juvenile Instruction Nos. 3.11 and 3.14 through 3.19, when the State seeks to terminate the parent's rights on the basis of the parent's failure to protect the child from heinous and shocking abuse or neglect.
___________________________________
 
 

 
 
Juvenile Instruction No. 1.6
Jury's Duties -- Cautionary Instruction --
Bias on Account of Race, Religion, Etc.
Remember that under our justice system the race, religion, ethnicity, national origin, or social status, of a party the parties or [his/her] their attorney attorneys must not be considered by you in the discharge of your sworn duty as a juror.
Committee Comments
This instruction should shall be given with the other cautionary instructions after the jury is sworn if any party belongs to a minority race or religious group, and the instruction is requested by the party's attorney. The trial court should include additional categories that the court deems appropriate. Examples of additional categories may include, but are not limited to, disability, gender, citizenship status, and sexual orientation.
___________________________________
 
Juvenile Instruction No. 2.2
Statement of the Case
This trial is the result of a petition/motion asking for the termination of parental rights.
The petition/motion alleged the following:
[Set out the material allegations of the petition/motion
regarding for termination of parental rights
[Identify the alleged statutory grounds
for termination from the petition/motion]
The allegations in the petition/motion are not evidence in the case. 
Committee Comments
The trial court should identify to the jury the alleged statutory grounds for termination pursuant to 10A 2021, § 1-4-904. See Matter of K.H., 2021 OK 33, ¶ 47, n.25, 507 P.3d 647, 657. Although the jury should be informed of the material allegations of the petition regarding the termination of parental rights, the The petition/motion itself should not be read to the jury. See Marathon Battery Co. v. Kilpatrick, 1966 OK 268, ¶ 60, 418 P.2d 900, 915 ("it is not good practice to formulate the issues by reading at large from the pleadings"). 
___________________________________
 
Juvenile Instruction No. 2.6A
Reasonable Efforts
You are instructed that the court has made the required findings as to reasonable efforts to prevent removal of the child and to reunify the child and family.
Notes on Use
This Instruction should be given only when the parties have raised the issue of reasonable efforts at trial.
Committee Comments
The trial court is required to make a predicate determination of whether reasonable efforts have been made to achieve reunification. See Matter of V.D., 2018 OK CIV APP 72, ¶ 5, 431 P.3d 381. 
___________________________________
 
Juvenile Instruction No. 3.2
Abandoned Infant
The State seeks to terminate the parent's rights on the basis that the child is an abandoned infant. In order to terminate the parental rights on the basis that the child is an abandoned infant, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;
2. Termination of parental rights is in the best interests of the child; and
3. [The child was twelve (12) months of age or younger; and the parent:
[willfully intended by words, actions, or omissions not to return for the child.]

OR
[has failed to maintain a significant parental relationship with the child through visitation or communication, despite being given the opportunity to do so.
Incidental or token visits, communications or contributions are not considered significant. "Token" means merely simulated, slight or of no real account.]
OR
[failed to respond to notice of deprived proceedings.]
___________________________________
Statutory Authority: 10A O.S. Supp. 2010 2021, §§ 1-105(1), 1-105(1)(35 38), 1-4-904(B)(3) .
Notes on Use
This Instruction should be used if the child was twelve months old or younger at the time of the filing of the petition. The trial judge should select the particular ground or grounds for finding that the child was abandoned that are supported by the evidence.
Committee Comments
The Committee notes that the definition of abandonment in 10A O.S. Supp. 2010 2021, § 1-1-105(1)(b) does not contain an element of intent and that there are situations where a parent may have been denied the opportunity to develop a relationship with his/her child. See In re Swanson, 2 S.W. 3d 180, 182-83 (Tenn. 1999) (mother prevented father from maintaining relationship with child). In order to avoid potential constitutional issues regarding conclusive presumptions in those types of situations, this instruction requires the parent to have had an opportunity to develop a relationship. The definition of "token" is taken from Matter of Adoption of B.O., 927 P.2d 202, 209 (Utah App., 1996) (quoting Webster's New Twentieth Century Dictionary 1919 (2d ed. 1979)).
___________________________________
 
Juvenile Instruction No. 3.7
Failure to Contribute to Support of Child
The State seeks to terminate the parent's rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child. In order to terminate parental rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child, the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated to be deprived;
2. The parent did not have custody of the child;
3. The parent has willfully failed, refused or neglected to contribute to the support of the child for six (6) consecutive months out of the last twelve (12) months immediately preceding the filing of a petition/motion for termination of parental rights in substantial compliance with a court order of support; or, if no provision for support is provided in an order, according to the parent's financial ability to contribute to the child's support; and,
4. Termination of parental rights is in the best interests of the child. 

___________________________________
Statutory Authority: 10A O.S. Supp. 2014 2021, § 1-4-904(B)(7).
___________________________________
 
Juvenile Instruction No. 3.9
Heinous And Shocking Abuse
The State seeks to terminate the parent's rights on the basis of the parent's abuse of the any child or a sibling of the child that is was heinous and shocking abuse. In order to terminate parental rights on the basis of the parent's abuse of the any child or a sibling of the child that is was heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent abused the any child or a sibling of the child;
3. The abuse was heinous and shocking; and,
4. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. Supp. 2010 2021, § 1-4-904(B)(9).
___________________________________
Notes on Use
Instructions Nos. 3.10 and 3.11, which contain the definitions of abuse and heinous and shocking abuse, should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is heinous or shocking abuse, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (35) refers to heinous and shocking abuse. The Committee has concluded that these terms should be treated as synonymous. For a statutory definition of sibling, see 10A Okla. Stat. Supp. 2010, § 1-1-105(61).
 
Juvenile Instruction No. 3.11
Definition Of Heinous And Shocking Abuse
"Heinous and shocking abuse" includes, but is not limited to, aggravated physical abuse that results in serious bodily, mental, or emotional injury. "Serious bodily injury" means injury that involves:

a. a substantial risk of death,
b. extreme physical pain,
c. protracted disfigurement,
d. a loss or impairment of the function of a body member, organ, or mental faculty,
e. an injury to an internal or external organ or the body,
f. a bone fracture,
g. sexual abuse or sexual exploitation,
h. chronic abuse including, but not limited to, physical, emotional, or sexual abuse, or sexual exploitation which is repeated or continuing,
i. torture that includes, but is not limited to, inflicting, participating in or assisting in inflicting intense physical or emotional pain upon a child repeatedly over a period of time for the purpose of coercing or terrorizing a child or for the purpose of satisfying the craven, cruel, or prurient desires of the perpetrator or another person, or
j. any other similar aggravated circumstance.

___________________________________
Statutory Authority: 10A O.S. Supp. 2016 2021, § 1-1-105(33 35).
Notes on Use
The trial court should remove grounds for heinous and shocking abuse that are not applicable from this Instruction in order to enable the jurors to focus on the grounds that are applicable.
___________________________________
 
Juvenile Instruction No. 3.12
Heinous And Shocking Neglect
The State seeks to terminate the parent's rights on the basis of the parent's neglect of the any child or a sibling of the child that is was heinous and shocking. In order to terminate parental rights on the basis of the parent's neglect of the any child or a sibling of the child that is was heinous and shocking neglect, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent neglected the any child or a sibling of the child;
3. The neglect was heinous and shocking; and,
4. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. Supp. 2010 2021, § 1-4-904(B)(9).
Notes on Use
The definitions of neglect and heinous and shocking neglect in Instructions Nos. 3.13 and 3.14 should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is heinous or shocking neglect, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (36) refers to heinous and shocking neglect. The Committee has concluded that these terms should be treated as synonymous. 
___________________________________
 
Juvenile Instruction No. 3.13
Definition of Neglect
"Neglect" means:
a. the failure or omission to provide any of the following:
(1) adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, or appropriate education,
(2) medical, dental, or behavioral health care,
(3) supervision or appropriate caretakers to protect the child from harm or threatened harm of which any reasonable and prudent person responsible for the child's health, safety or welfare would be aware, or
(4) special care made necessary by the physical or mental condition of the child,
b. the failure or omission to protect a child from exposure to any of the following:
(1) the use, possession, sale, or manufacture of illegal drugs,
(2) illegal activities, or
(3) sexual acts or materials that are not age-appropriate, or
c. abandonment.
Neglect does not include the parent's selecting and depending upon spiritual means alone through prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease or remedial care of a child. 
a. "Neglect" means:

(1) the failure or omission to provide any of the following:

(a) adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, or appropriate education,
(b) medical, dental, or behavioral health care,
(c) supervision or appropriate caretakers to protect the child from harm or threatened harm of which any reasonable and prudent person responsible for the child's health, safety or welfare would be aware, or
(d) special care made necessary for the child's health and safety by the physical or mental condition of the child,

(2) the failure or omission to protect a child from exposure to any of the following:

(a) the use, possession, sale, or manufacture of illegal drugs,
(b) illegal activities, or
(c) sexual acts or materials that are not age-appropriate, or

(3) abandonment.
b. "Neglect" shall not mean a child who engages in independent activities, except if the person responsible for the child's health, safety or welfare willfully disregards any harm or threatened harm to the child, given the child's level of maturity, physical condition or mental abilities. Such independent activities include but are not limited to:

(1) traveling to and from school including by walking, running or bicycling,
(2) traveling to and from nearby commercial or recreational facilities,
(3) engaging in outdoor play,
(4) remaining at home unattended for a reasonable amount of time,
(5) remaining in a vehicle if the temperature inside the vehicle is not or will not become dangerously hot or cold, except if [Set out applicable conditions described in Section 11-1119 of Title 47 of the Oklahoma Statutes, such as extreme weather, inadequate ventilation, or hazardous or malfunctioning components within the vehicle that present a risk to health or safety of the child] or
(6) engaging in similar activities alone or with other children.

Nothing in this paragraph shall be construed to mean a child is abused or neglected for the sole reason the parent, legal guardian or person having custody or control of a child, in good faith, selects and depends upon spiritual means alone through prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease or remedial care of such child. Nothing contained in this paragraph shall prevent a court from immediately assuming custody of a child, pursuant to the Oklahoma Children's Code, and ordering whatever action may be necessary, including medical treatment, to protect the child's health or welfare;
"Harm or threatened harm to the health or safety of a child" means any real or threatened physical, mental, or emotional injury or damage to the body or mind that is not accidental including but not limited to sexual abuse, sexual exploitation, neglect, or dependency.
___________________________________
Statutory Authority: 10A O.S. Supp. 2016 2021, § 1-1-105(47 49), (54). 
Notes on Use
The trial court should remove grounds for neglect that are not applicable from this Instruction in order to enable the jurors to focus on the grounds that are applicable. Similarly, the trial court should remove independent activities from the Instruction that are not applicable.
___________________________________
 
Juvenile Instruction No. 3.14
Definition Of Heinous And Shocking Neglect
"Heinous and shocking neglect" includes, but is not limited to:
a. chronic neglect that includes, but is not limited to, a persistent pattern of family functioning in which the caregiver has not met or sustained the basic needs of a child which results in harm to the child,
b. neglect that has resulted in a diagnosis of the child as a failure to thrive,
c. an act or failure to act by a parent that results in the death or near death of a child or sibling, serious physical or emotional harm, sexual abuse, sexual exploitation, or presents an imminent risk of serious harm to a child, or
d. any other similar aggravating circumstance.
"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.
"Sexual exploitation" includes but is not limited to allowing, permitting, or encouraging a child to engage in prostitution, as defined by law, by a person responsible for the health, safety, or welfare of a child, or allowing, permitting, encouraging, or engaging in the lewd, obscene, or pornographic, as defined by law, photographing, filming, or depicting of a child in those acts.
___________________________________
Statutory Authority: 10A O.S. Supp. 2016 2021, §§ 1-1-105(32 36), 1-1-105(2)(b)-(c) , (34).
Notes on Use
The trial court should remove grounds for heinous and shocking neglect that are not applicable from this Instruction in order to enable the jurors to focus on the grounds that are applicable.
___________________________________
 
Juvenile Instruction No. 3.15
Failure To Protect Child From Heinous And Shocking Abuse
The State seeks to terminate the parent's rights on the basis of the parent's failure to protect the any child or a sibling of the child from heinous and shocking abuse. In order to terminate parental rights on the basis of the parent's failure to protect the any child or a sibling of the child from heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent knew or reasonably should have known of abuse to the a child a sibling of the child;
3. The abuse was heinous and shocking;
4. The parent failed to protect the a child or a sibling of the child from the heinous and shocking abuse; and,
5. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. Supp. 2010 2021, § 1-4-904(B)(9).
_________________________________
Notes on Use
Instructions Nos. 3.10 and 3.11, which contain the definitions of abuse and heinous and shocking abuse, should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is failure to protect from heinous or shocking abuse, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (35) refers to heinous and shocking abuse. The Committee has concluded that these terms should be treated as synonymous.
 
Juvenile Instruction No. 3.16
Failure To Protect Child From Heinous And Shocking Neglect
The State seeks to terminate the parent's rights on the basis of the parent's failure to protect the any child or a sibling of the child from heinous and shocking neglect. In order to terminate parental rights on the basis of the parent's failure to protect the any child or a sibling of the child from heinous and shocking neglect, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent knew or reasonably should have known of neglect to the a child a sibling of the child;
3. The neglect was heinous and shocking;
4. The parent failed to protect the a child or a sibling of the child from the heinous and shocking neglect; and,
5. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. Supp. 2010 2021, § 1-4-904(B)(9).
Notes on Use
The definitions of neglect and heinous and shocking neglect in Instructions Nos. 3.13 and 3.14 should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is failure to protect from heinous or shocking neglect, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (36) refers to heinous and shocking neglect. The Committee has concluded that these terms should be treated as synonymous. 
___________________________________
 
Juvenile Instruction No. 3.17
Heinous And Shocking Abuse Or Failure To Protect
Child From Heinous And Shocking Abuse
The State seeks to terminate the parent's rights on the basis of the parent's heinous and shocking abuse of the any child or a sibling of the child or the failure to protect the any child or a sibling of the child from heinous and shocking abuse. In order to terminate parental rights on the basis of the parent's heinous and shocking abuse of the any child or a sibling of the child or the failure to protect the any child or a sibling of the child from heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent has either abused the any child or a sibling of the child;

OR

3 2. The parent knew or reasonably should have known of abuse to the any child or a sibling of the child;
4 3. The parent failed to protect the other child or a sibling of the child from the abuse;
5 4. The abuse was heinous and shocking; and,
6 5. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. Supp. 2010 2021, § 1-4-904(B)(9).
Notes on Use
Instructions Nos. 3.10 and 3.11, which contain the definitions of abuse and heinous and shocking abuse, should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is heinous or shocking abuse, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (36) refers to heinous and shocking abuse. The Committee has concluded that these terms should be treated as synonymous.
___________________________________
 
Juvenile Instruction No. 3.18
Heinous And Shocking Neglect Or Failure To Protect
Child From Heinous And Shocking Neglect
The State seeks to terminate the parent's rights on the basis of the parent's heinous and shocking neglect of the any child or a sibling of the child or the failure to protect the any child or a sibling of the child from heinous and shocking neglect. In order to terminate parental rights on the basis of the parent's heinous and shocking neglect of the any child or a sibling of the child or the failure to protect the any child or a sibling of the child from heinous and shocking neglect, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent has neglected the any child or a sibling of the child;

OR

2. The parent knew or reasonably should have known of neglect to the any child or a sibling of the child;
3. The parent failed to protect the other child or a sibling of the child from the neglect;
4. The neglect was heinous and shocking; and,
5. Termination of parental rights is in the best interests of the child.

___________________________________
Statutory Authority: 10A O.S. Supp. 2010 2021, § 1-4-904(B)(9).
Notes on Use
Instructions Nos. 3.13 and 3.14, which contain the definitions of neglect and heinous and shocking neglect, should be used with this Instruction.
The ground for termination in 10A O.S. 2021, § 1-4-904(B)(9) is heinous or shocking neglect, but the corresponding definition in 10A O.S. 2021, § 1-1-105 (36) refers to heinous and shocking neglect. The Committee has concluded that these terms should be treated as synonymous.
___________________________________
 
Juvenile Instruction No. 3.19A
Definition of Failure to Protect
Failure to protect a child from abuse or neglect means the failure to take reasonable action to remedy or prevent child abuse or neglect.
Failure to protect a child from abuse or neglect includes the conduct of a non-abusing parent/guardian who:
1. Knew the identity of the abuser/(person who neglected the child) but (lied about)/concealed/(failed to report) the child abuse/neglect; or
2. Otherwise failed to take reasonable action to end the abuse/neglect.
___________________________________
Statutory Authority: 10A O.S. Supp. 2016 2021, § 1-1-105(25 26).
Notes on Use
The trial judge should give this Instruction along with Juvenile Instruction Nos. 3.11 and 3.14 through 3.19, when the State seeks to terminate the parent's rights on the basis of the parent's failure to protect the child from heinous and shocking abuse or neglect.
___________________________________